IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARC JONES CONSTRUCTION, LLC,
d/b/a Sunpro or ADT Solar                                        PLAINTIFF

v.                              No. 4:22-cv-258-DPM

JUSTIN MORGAN;
DEMETRIUS WILLIAMS;
JERRY GIBSON;
CHASE GIBSON; and
CORNERSTONE CONSTRUCTION
TEAM, LLC                                                      DEFENDANTS

## ORDER

1.      This Agreed Protective Order shall govern the designation
and handling of all confidential documents and information produced
in this action by any party, non-party, person, or entity.

2.      "Material" refers to any document, data compilation,
testimony, report, interrogatory response, response to a request for
admission, response to a request for production, or other information
in any form produced or disclosed in this action (including copies),
whether voluntarily or through any means of discovery authorized by
law, and whether by a party or non-party.

Material may be designated "Confidential" if the Designating
Party in good faith believes that disclosure of such Material in this

action without the designation presents a risk of injury to the legitimate business or personal interests of the Disclosing Party, or any other legitimate interest of the Disclosing Party.  Confidential information includes, but is not limited to, all Materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, confidentiality agreement, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, technical, financial, proprietary, personal, personnel, underwriting, rating, claims and insurance policy information, which is not publicly known.  Confidential information may take the form of, but is not limited to, (a) documents, responses to request for production, interrogatory responses, or responses to requests for admissions; (b) hearing or deposition transcripts and related exhibits; and, (c) all copies, abstracts, excerpts, analyses, reports, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

Material may also be designated as "Sensitive-Attorney Eyes Only."  Sensitive-Attorney Eyes Only Material must meet the Confidential designation requirements of this Order and must be so proprietary or competitively sensitive or contain such highly sensitive and non-public business, technical, financial, personal, or other

- 2 -

information that its disclosure to persons other than those enumerated allowed by this Order will irreparably harm the Disclosing Party.

"Disclosing Party" refers to a party, or non-party, to this action who produces Material.

"Designating Party" refers to a party or non-party to this action who designates Material as Confidential or Sensitive-Attorney Eyes Only.

"Requesting Party" refers to a party who has made a discovery request.

"Receiving Party" refers to a party who receives, or is otherwise exposed to, Material during the course of this action.

**3.**    Except as the parties may otherwise agree, or the Court may order, any Material produced in this action, which is designated Confidential or Sensitive-Attorney Eyes Only, including any report, excerpt, analysis, summary, or description of it, shall be strictly controlled by this Order, and no disclosure or use of such Material, by any Receiving Party, can be made except in accordance with the requirements of this Order.  All Material designated Confidential or Sensitive-Attorney Eyes Only shall be used solely for the prosecution or defense of this action.

The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any

confidentiality obligation between the Parties, was previously disclosed by a Disclosing Party to a non-party to this action without any obligation of confidentiality, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. Material that was in the hands of the Receiving Party prior to disclosure in this action, however, and was subject to a confidentiality obligation between the Parties, shall be made subject to this Order. Any party who claims that the Material was, prior to disclosure in this action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

Nothing in this Protective Order shall be construed to prohibit counsel from providing advice, guidance, or counsel to a party, regardless of whether such advice, guidance, or counsel is based, in whole or in part, upon information counsel learned from Material designated Confidential or Sensitive-Attorney Eyes Only, so long as counsel does not disclose Confidential or Sensitive-Attorney Eyes Only Material to anyone not permitted to receive such Material under this Order.

**4.** A Designating Party may designate Material as Confidential or Sensitive-Attorney Eyes Only, only if the Material (1) is Confidential or Sensitive-Attorney Eyes Only, as defined by this Order; and, (2) is not excluded from the scope of this Order.

- 4 -

A Designating Party's failure to designate Material as Confidential or Sensitive-Attorney Eyes Only at the time of production or disclosure of the Material does not waive its right to later designate the Material as Confidential or Sensitive-Attorney Eyes Only, so long as the Designating Party notifies all Parties in writing of the failure within a reasonable time period after learning that the Material was produced without an appropriate confidentiality designation. After any designation, each Receiving Party shall treat the designated Material as either Confidential or Sensitive-Attorney Eyes Only and subject to the protections of this Order.

5. A Designating Party may designate Material as Confidential by placing or affixing on the Material the word "Confidential." A Designating Party may designate Material as Sensitive-Attorney Eyes Only by placing or affixing on the Material the words "Sensitive-Attorney Eyes Only."

6. Testimony in deposition transcripts, or portions of such transcripts, and any applicable exhibits, may be designated Confidential Or Sensitive-Attorney Eyes Only by: (a) counsel so stating on the record during the deposition, or (b) providing written notice to the reporter and all counsel of record. All transcripts of depositions, or portions of such transcripts, and any applicable exhibits, shall be considered as designated Confidential, except for any testimony or exhibits designated as Sensitive-Attorney Eyes Only at the time of the

deposition, until 30 days after the reporter sends notice that the written transcript is available for review.

The parties may, however, designate transcripts, or portions of such transcripts, and any applicable exhibits, as Confidential or Sensitive-Attorney Eyes Only at any time, including after the 30-day period described in the preceding sentence.  If such a designation is made after the 30-day period, all designated Material shall be handled as Confidential or Sensitive-Attorney Eyes Only, depending on the asserted designation, from the time of the designation forward and all Receiving parties shall make reasonable efforts to recover any transcripts or portions of transcripts that have been disclosed beyond what is allowed for the asserted designation.  If transcripts or portions of such transcripts, and any applicable exhibits are designated as Confidential or Sensitive-Attorney Eyes Only, the Parties' counsel and the court reporter shall make reasonable arrangements to maintain the confidentiality of any deposition testimony or exhibits so designated, in accordance with the terms of this Order.   These arrangements may include the marking of transcript pages, covers or exhibits, and other measures to preclude the disclosure of Confidential or Sensitive-Attorneys Eyes Only Material other than to qualified persons.

Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential or Sensitive-Attorney Eyes Only Material or any document that is privileged or subject to the work

product doctrine at trial or a hearing in open court. Any party may request trial or hearing testimony and related exhibits to be designated Confidential or Sensitive-Attorney Eyes Only Material. The Court will decide the merits of any request and proceed accordingly.

When Confidential or Sensitive-Attorney Eyes Only Material is supplied or stored on a digital, electronic, or electromagnetic medium, the Confidential or Sensitive-Attorney Eyes Only designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of such medium, or by submitting a written statement to all counsel of record identifying the appropriate designation.

7.    A party or any other person objecting to the designation of Confidential or Sensitive-Attorney Eyes Only information shall provide written notice of the objection to the Designating Party, specifying the materials that are the subject of the objection. Within thirty days after such objection, the parties and any other objecting person or persons shall confer in good faith, and in person, to resolve the objections. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be

resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed until the Court issues a ruling or schedules a hearing.

8.     The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. If an entire page contains information designated as Confidential or Sensitive-Attorney Eyes Only, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as Confidential or Sensitive-Attorney Eyes Only and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

9.     All copies, duplicates, extracts, summaries, reports, or descriptions (collectively "copies") of Materials designated as Confidential or Sensitive-Attorney Eyes Only or any portion thereof, shall immediately be affixed with the label Confidential or Sensitive-Attorney Eyes Only if such label does not already appear.

10.     Material designated Confidential or Sensitive-Attorney Eyes Only does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the Parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

**11.** Any Material that is designated Confidential shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order:

      a. The Parties and their counsel of record;

      b. Counsel of record for the Parties;

      c. Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this action;

      d. The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff;

      e. Independent experts or consultants retained by a party or counsel of records for purposes of this litigation, and any employees, associates, or independent contractors retained by those experts or consultants in their work in this litigation;

      f. Court reporters during depositions or hearings;

      g. Deponents during depositions or witnesses during hearings;

      h. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the Confidential Material being disclosed, or who have been participants in a communication that is the subject of the Confidential Material and from whom verification of or other information about that access or

- 9 -

participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

       i.     Employees of third-party contractors of the Parties involved solely in providing copying or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material;

       j.     Any other person agreed to in writing by the Disclosing Party; and

       k.     Any other person by order of the court, after notice to all Parties.

**12.**    Any Material that is designated Sensitive-Attorney Eyes Only shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and has agreed to be subject to the terms of this Order:

       a.     Counsel of record for the Parties;

       b.     Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on this action;

c.     The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff;

d.     Independent experts or consultants retained by a party or counsel of records for purposes of this litigation, and any employees, associates, or independent contractors retained by those experts or consultants in their work in this litigation;

e.     Court reporters during depositions or hearings;

f.     Deponents during depositions or witnesses during hearings;

g.     Employees of third-party contractors of the Parties involved solely in providing copying or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material;

h.     Any other person agreed to in writing by the Disclosing Party; and

i.     Any other person by order of the court, after notice to all Parties.

**13.**    Prior to disclosure of any Confidential or Sensistive-Attorney Eyes Only Material to any person under paragraph 11(e), (g), (i)-(k) or paragraph 12(d), (f), (h)-(j), that person must first be advised of and agree in writing to be bound by the provisions of this Order. The person can either sign a copy of his Order or a copy of Appendix A to this Order. Copies of such writings shall be produced to other parties upon written request.

- 11 -

**14.**     The recipient of any Confidential or Sensitive-Attorney Eyes Only Material shall maintain such Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such information as is exercised by the recipient with respect to its own confidential information.

**15.**     The inadvertent production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Disclosing Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege, protection, or both if a request for return of such inadvertently produced Material is made promptly after the Disclosing Party learns of its inadvertent production.

Upon a request from any Disclosing Party who has inadvertently produced Material that it believes is privileged, protected, or both each Receiving Party shall immediately return such Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Disclosing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Disclosing Party.  Each Receiving Party shall confirm in writing that all such documents or information have been returned or destroyed within five (5) business days of the request.

- 12 -

Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Material and such other information as is reasonably necessary to identify the Material and describe its nature to the Court in any motion to compel production of the Material.  Any motion to compel production of the Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the Material and describe its nature to the Court.

**16.**     In the event of a disclosure of any Material designated under this Order, to any person(s) not authorized to receive such disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Disclosing Party whose Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

Unauthorized or inadvertent disclosure does not change the status of the Material or waive the right to hold the disclosed document or information as Protected.

**17.** In the event a Receiving Party who has received Confidential or Sensitive-Attorney Eyes Only Material that is subject to this Order is: (a) subpoenaed in another action, (b) served with a request in another action to which the person is a party, or (c) served with any other legal process by one not a party to this action, that seeks Confidential or Sensitive-Attorney Eyes Only Material, he, she, or it shall give prompt written notice of the receipt of such subpoena, demand or other legal process to the Designating Party and its counsel, and upon request, shall cooperate with the Designating Party in its efforts to obtain an appropriate court order protecting the Confidential or Sensitive-Attorneys Eyes Only Material.

Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve a copy of it upon counsel for the other parties.

This Order shall not prevent any party from applying to the Court for further or additional confidentiality orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

- 14 -

This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request or the relevance of any evidence.  Also, nothing in this Order or any actions under the provisions of this Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that information disclosed in this action is confidential, trade secret, or proprietary, as it pertains to the Parties' respective claims in this action.

**18.**   After final termination of this case, including any appeals, each counsel of record, upon written request within 60 days of the date of final termination, shall within 60 days of such request, (a) destroy, or (b) assemble and return to the counsel of record, all Material in their possession and control, embodying Material designated Confidential or Sensitive-Attorneys Eyes Only, including all copies thereof except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product provided that such archive copy is appropriately marked as Confidential or Sensitive-Attorneys Eyes Only and is retained in

- 15 -

accordance with the terms of this Order. Notwithstanding the foregoing, Counsel for the Parties are not required to destroy Counsel's email communications (and corresponding attachments) related to this case, regardless of whether such email communications contains Material designated Confidential or Sensitive-Attorneys Eyes Only.

**19.** Counsel for any party may exclude from the room at a deposition, during any questioning that involves Confidential or Sensitive-Attorneys Eyes Only Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Order.

**20.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts, along with any copies of those materials. Alternatively, the parties may destroy the materials and certify to counsel that they have been destroyed. Counsel for the parties may retain confidential information in their files, subject to this Order.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*4 May 2022*

**Approved by:**

Robert K. Rhoads, Esq. (ABA # 80121)
HALL, ESTILL, HARDWICK, GABLE
GOLDEN & NELSON, P.C.
75 N. East Avenue, Suite 402
Fayetteville, AR 72701-6094
Telephone: 479-973-5200
Facsimile: 479-973-0520
rhoads@hallestill.com


Chad f. Clement (NV Bar # 12192)
Alexander K. Calaway (NV Bar # 15188)
MARQUIS AURBACH, CHTD.
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: 702-382-0711
Facsimile: 702-382-5816
cclement@maclaw.com
acalaway@maclaw.com
**ATTORNEYS FOR DEFENDANTS**

and

Michael S. Moore (ABA # 82112)
Mark K. Cameron (ABA # 2021193)
FRIDAY ELDRIDGE & CLARK, LLP
400 W. Capitol Ave., Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: 501-370-1526
Facsimile: 501-244-5348
mmoore@fridayfirm.com
mcameron@fridayfirm.com
**ATTORNEYS FOR PLAINTIFF**

## Appendix A

I, _____, have read and agree to be bound by the Protective Order in Marc Jones Construction, LLC d/b/a Sunpro or ADT Solar v. Justin Morgan, et al. pending in the United States District Court, Eastern District of Arkansas, Central Division, Case Number 4:22-cv-258-DPM.   I hereby submit to the jurisdiction of the Court for purposes of ensuring compliance with the Protective Order.

Date:_____

Signature: _____

Printed Name: _____

Address: _____

_____